UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EDWARD A. WARREN, IV,**

      **Plaintiff,**

**v.**                                       **Case No:   6:15-cv-1600-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Edward Warren IV (the "Claimant"), appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to adequately weigh and consider the opinions of Dr. Richard Hynes, Claimant's treating physician; 2) failing to adequately assess Claimant's credibility with regard to pain; and 3) relying on the testimony of a vocational expert ("VE") after posing a hypothetical that did not accurately reflect Claimant's limitations. Doc. No. 18 at 13-22; 27-33; 39-40. Claimant requests that the matter be remanded for further proceedings. *Id.* at 43. For the reasons set forth below, the Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings.

**I.  FACTUAL BACKGROUND**

On February 10, 2012, Claimant applied for DIB. Doc. No. 18 at 1. On March 14, 2012, the Social Security Administration denied Claimant's application. R. 25. On June 19, 2012, Claimant filed a written request for hearing. *Id.* On January 13, 2014, a hearing was held before the ALJ. Doc. No. 18 at 1. On March 28, 2014, the ALJ issued an unfavorable decision. *Id.* On

April 9, 2014, Claimant appealed to the decision to the Appeals Council. *Id.* On July 15, 2015, the Appeals Council denied Claimant's appeal. *Id.* On September 28, 2015, Claimant filed this appeal. Doc. No. 1.

## II.     STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.    WEIGHING MEDICAL OPINIONS

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part in determining whether a claimant is disabled. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a

statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). However, there are a few situations in which good cause allows an ALJ to give a treating physician's opinion less that substantial weight. Specifically,

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x. 266, 269 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41). Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records.

The ALJ cannot accept or deny certain portions of a medical opinion without providing reasons for doing so. In *Monte v. Astrue*, this District found that an ALJ committed reversible error:

> [B]y failing to either explain why he adopted only part of Dr. Alvarez–Mullin's opinion after expressly giving it significant weight, or in failing to adequately incorporate all of Plaintiff's mental limitations into his assessment of Plaintiff's RFC.

*Monte v. Astrue,* Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009). *See also*, *Morrison v. Barnhart*, 278 F. Supp.2d 1331, 1337 (M.D. Fla. 2003). Furthermore, should an ALJ provide great weight to an examiner's opinion, it must address the opinion either explicitly or implicitly in its determination of Claimant's RFC. *Monte*, 2009 WL 210720, at *6-7. Failure to do so is a reversible error. *Id.* Finally, if an ALJ finds that a claimant has a moderate limitation in concentration, persistence, and pace, the ALJ must explicitly or implicitly account for these limitations in their RFC. *Winschel*, 631 F.3d at 1181.

## IV. ANALYSIS

Central to Claimant's appeal is the ALJ's consideration of three opinions from Dr. Hynes: 1) an August 2007 opinion (the "2007 Opinion") that the ALJ gave weight, but only to a certain functional limitation stated in the opinion; 2) a March 2009 opinion (the "2009 Opinion") which the ALJ gave the "greatest weight" because it was the most consistent with the record; and 3) a March 2014 opinion (the "2014 Opinion") which the ALJ gave little weight. R. 32-33. Claimant only contests the ALJ's consideration of the 2007 and 2014 Opinions. However, the 2009 Opinion is also pertinent.

### 1) Dr. Hynes' 2007 Opinion

On August 8, 2007, Dr. Hynes wrote the following opinion regarding Claimant's functional capacity:

> This is to verify that Mr. Edward Warren is a patient of mine with low back pain due to a work injury. He has lumbar degenerative disk disease and an L4-5 annular tear on MRI scan. <u>As a result of his chronic pain he is unable to tolerate sitting for more than twenty to thirty minutes at a time. He can lift no more than twenty-five pounds</u>

<u>and can do no prolonged standing or walking. His very limited in his tolerance for traveling long distances</u>.

R. 323 (emphasis added). On March 28, 2014, the ALJ made the following determination regarding Claimant's Residual Functional Capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the [RFC] to perform a reduced range of light work as defined in 20 CFR 404.1567(b). He was limited to occasional climbing of ramps and stairs, occasional stooping, kneeling, crouching, and crawling. He should never climb ladders, ropes or scaffolds. He should be allowed to alternate sitting and standing at 30-minute intervals at the workstation.

R. 29. After determining Claimant's RFC, the ALJ considered Dr. Hynes' opinions. R. 32. With regard to the 2007 Opinion, the ALJ stated the following:

> [The 2007 Opinion] provide[s] for very tight sitting limits, no more than 20-30 minute intervals, but otherwise these statements will not violate the above [RFC]. The undersigned gives weight to the [2007 Opinion] to the extent of 25-pound lifting limits.

R. 32. Claimant argues that the ALJ erred in characterizing the 2007 Opinion as consistent with Claimant's RFC. Doc. No. 18 at 14. The Commissioner asserts that the ALJ was correct in finding the 2007 Opinion as consistent with the RFC. Doc. No. 18 at 25. Furthermore, the Commissioner argues that even if the ALJ erred, such an error is harmless, noting that the ALJ gave the "greatest weight" to the 2009 Opinion due to it being the most consistent with the record. Doc. No. 18 at 25.

The Court finds that the ALJ erred in her consideration of the 2007 Opinion in two ways. First, the ALJ did not explicitly state the weight accorded to the entirety of the 2007 Opinion. In *Winschel*, the Eleventh Circuit held that whenever a treating physician states judgments about the nature and severity of a claimant's impairments, the ALJ is required to state with particularity the weight given to it and the reasons therefor. *Winschel*, 631 F.3d at 1178-79 (citing 20 C.F.R. §§

404.1527(a)(2), 416.927(a)(2)). While the ALJ did afford weight to Dr. Hynes' statement that Claimant "can lift no more than twenty-five pounds," the ALJ failed to state what weight she afforded to the balance of the 2007 Opinion. R. 32, 323. The 2007 Opinion contains a number of judgments regarding Claimant's functional capacity. R. 323. The 2007 Opinion states that Claimant is "unable to tolerate sitting for more than twenty to thirty minutes at a time." *Id.*[1] The 2007 Opinion also notes that Claimant "can do no prolonged standing or walking," and that he "is very limited in his tolerance for traveling long distances." *Id.* Because the ALJ failed to state what weight, if any, was being given to all aspects of the 2007 Opinion, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).[2]

The ALJ also erred by providing a material misstatement regarding the 2007 Opinion. In Claimant's RFC determination, the ALJ held that the 2007 Opinion "will not violate the above [RFC]." R. 32. The ALJ was incorrect in that statement. The ALJ held that Claimant had the RFC to perform "a reduced range of light work." The regulation defining "light work" states that it requires "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. 404.1567. Indeed, the regulation notes that the claimant "must have the ability to do <u>substantially</u> all of these activities." *Id* (emphasis added). Nevertheless, the 2007 Opinion notes that Claimant "can do no prolonged standing or

---

[1] The ALJ specifically recognized this limitation, noting that the 2007 Opinion provides "for tight sitting limits." R. 32. Nevertheless, the ALJ failed to specify the weight, if any, accorded to that statement or the reasons therefor.

[2] The Court is aware that an ALJ may give lesser weight to certain portions of a treating physician's opinion compared to other portions. *See Woeckner v. Colvin*. No: 8:13-cv-727-FtM-DNF, 2014 WL 1814268, at *6-7. (M.D. Fla. May 7, 2014). However, when doing so, the ALJ must still state with particularity the weight given to each portion of the opinion at issue, identify a good cause reason for giving lesser weight to a portion of the opinion and that reason must be supported by substantial evidence. *Id.* However, in this case, the ALJ failed to state what weight, if any, was given to the majority of the 2007 Opinion. R. 32.

walking." R. 323. The 2007 Opinion also notes that Claimant "is unable to tolerate sitting for more than twenty to thirty minutes at a time." *Id.*

As stated above, if the ALJ rejects a treating physician's opinion, the ALJ must state good cause reasons for doing so. *Lamb,* 847 F.2d at 703. However, when providing such good cause reasons, the ALJ cannot misstate the record. *Bissinger v. Comm'r of Soc. Sec.*, No: 6:13-cv-1602-Orl-31GJK, 2014 WL 5093981, at *7 (M.D. Fla. Oct. 9, 2014) (reversing an ALJ's decision to give little weight to a treating physician's opinion because the ALJ's description of the opinion was flawed). Furthermore, the Court cannot find that such an error was harmless. The functional limitations contained in the 2007 Opinion are more restrictive than the ALJ's RFC. Thus, the Court cannot conclude that the result would have been the same had the 2007 Opinion been given proper weight. Accordingly, the ALJ committed reversible error by finding that the 2007 Opinion would not violate Claimant's RFC. Accordingly, the decision of the Commissioner is **REVERSED**.[3]

**2) Dr. Hynes' 2014 Opinion**

On March 2014, Dr. Hynes completed the 2014 Opinion, which consisted of a Physical Restrictions Evaluation form. R. 439. In the 2014 Opinion, Dr. Hynes' made a number of judgments regarding Plaintiff's functional capacity. *Id.* The 2014 Opinion notes that Claimant should never climb, kneel, or crawl. R. 440. Claimant should occasionally stoop and crouch. *Id.* Claimant should sit without interruption for 15-30 minutes at a time. R. 439.

---

[3] The Court also recognizes the ALJ's finding that the 2007 Opinion was "prompted by the Claimant's desire to be excused from jury duty." R. 33. In *Vazquez v. Comm'r of Soc. Sec.*, No. 6:10–cv–1633–Orl–DAB, 2012 WL 380129 (M.D. Fla. Feb. 6, 2012), the ALJ gave limited weight to a treating physician's opinion because it "appears to have been written to appease the claimant." *Id* at 7-8. When faced with the ALJ's contention, Magistrate Judge David Baker noted: "In the first instance, the Court finds no evidence to support a conclusion that the letter was offered "to appease" Plaintiff. "Appease" means to pacify or placate someone by acceding to their demands. While it is true that Plaintiff *requested* an opinion letter from his physician, there is nothing to suggest that he dictated or otherwise demanded the particular opinion offered. Merely asking for a letter from your doctor does not justify the conclusion that the opinions offered by the doctor are coerced or untrue." *Id.* The same logic applies to this case.

In her RFC determination, the ALJ considered the 2014 Opinion. R. 33. The ALJ gave little weight to the 2014 opinion for two reasons. First, the ALJ found that it was unclear whether the 2014 Opinion applied before December 31, 2008, the date Claimant was last insured. Second, the ALJ found that "there is no accompanying clinic note authenticating what findings supported these extreme restrictions." R. 33. Claimant argues that the ALJ erred because the 2014 Opinion explicitly stated that it related back to the date Claimant was last insured. Doc. No. 18 at 16. The Commissioner does not contest that the 2014 Opinion clearly related back to the date Claimant was last insured. *Id.* at 26. However, the Commissioner argues that the ALJ was correct in finding that there is "no accompanying clinic note showing what clinical findings support the extreme restrictions expressed in the assessment." *Id.*

The ALJ erred by mischaracterizing the 2014 Opinion. When providing reasons for according little weight to the 2014 Opinion, the ALJ stated that "it is not clear that Dr. Hynes was considering the period at issue of September-December 2008." R. 33. This time period is critical to the ALJ's analysis because Plaintiff alleged a disability onset date of September 1, 2008 and a last insured date of December 31, 2008. R. 25, 27. Nevertheless, the ALJ mischaracterized the 2014 Opinion. The 2014 Opinion explicitly states that the time period for which the 2014 Opinion applies in between "December 1, 2008 through the present date [March 11, 2014]." R. 439-441. "An ALJ must consider an opinion that is given after the relevant period when the retrospective opinion relates back to the relevant time period." *Mitchell v Astrue*, No: 1:09-cv-02026-AJB, 2010 WL 3749201, at *11 (N.D. Ga. Sept. 20, 2010) (citing *Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir.1983)). Thus, the ALJ's decision to give Dr. Hynes' 2014 Opinion little weight based on the false premise that it was unclear whether it addressed the relevant period is reversible error.

The ALJ provided a second reason for according little weight to the 2014 Opinion. The ALJ found that "there is no accompanying clinic note authenticating what findings supported these extreme restrictions." R. 33. The 2014 Opinion, however, does contain findings that support Dr. Hynes' restrictions. R. 439. The 2014 Opinion contains a section requiring Dr. Hynes to "describe the medical findings that support this assessment." *Id.*  In that section, Dr. Hynes clearly provided findings that supported the statements contained in the 2014 Opinion. *Id.* Furthermore, nothing in the record shows that Dr. Hynes was asked to provide records supporting his opinion. Thus, because Dr. Hynes explicitly identified support for the restrictions stated in the 2014 Opinion and because the record lacks any evidence that Dr. Hynes was asked for any records supporting his opinion, the Court finds that that the ALJ has not provided good cause in giving the 2014 Opinion little weight. *See Grantham v. Acting Comm'r of the Soc. Sec. Admin.*, 654 Fed. Appx. 1015, 1016 (11th Cir. 2016) (citations omitted) (noting that "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."). Accordingly, the decision of the Commissioner is **REVERSED**.[4]

## V.  CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

---

[4] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

**DONE and ORDERED** in Orlando, Florida on December 13, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Bradley K. Boyd
Suite D
1310 W Eau Gallie Blvd
Melbourne, FL 32935

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Bonnie Kittinger
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224